IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC EVERHART and VIRGINIA EVERHART, | § § § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-12-1338 |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER OF DISMISSAL**

Pending before the Court in the above referenced cause, removed from state court on diversity jurisdiction and alleging fraud, wrongful foreclosure, slander of title, promissory estoppel, and unreasonable collection, is Defendant CitiMortgage, Inc.'s motion to dismiss (instrument #4) pursuant to Federal Rules of Civil Procedure 8, 9, and 12(b)(6). Plaintiffs Eric Everhart and Virginia Everhart have failed to file a response.

**Allegations in Plaintiffs' Original Petition (#1-3, Ex. B-2)**

In 2003 Plaintiffs purchased a home and property at 17235 Dakota Ridge Drive, Houston, Texas 77095-6927 ("the property"). In July 2009, Eric Everhart lost his job and fell behind in his mortgage payments. In January 2010, he started his own business and his finances significantly improved. In July 2010 he requested a loan modification to bring his account current and provided all paperwork required by Defendant to qualify for a modification.

-1-

Nevertheless on August 26, 2010 he received a letter from Defendant stating that the modification was not approved due to negative net present value ("NPV").  Ex. 1 to #1-3, B-2.

Plaintiffs state that Eric Everhart had provided a Profit and Loss Statement representing one month of his earnings, which Defendant divided into twelve months and thus found a negative NPV. Plaintiff drew this error to the attention of Defendants's representatives, who conceded they had made a mistake and asked Plaintiff to make changes to reflect twelve months of earnings and to resubmit his application.  Eric Everhart did so on November 4, 2010.  Ex. 2 to #1-3, B-2.  On December 3, 2010, he received a letter which stated that CitiMortgage could not approve his mortgage modification because currently the amount of principal forbearance exceeded the limit available under the Home Affordable Modification Program ("HAMP").  Ex. #3 to #1-2, B-2.  He contacted Defendant for an update, but was told there was not sufficient time to submit his documentation and that his home was scheduled for foreclosure on December 7, 2010.  Plaintiffs claim that they were never notified in writing about the impending foreclosure date, but only told by the representatives a few days before the foreclosure took place.

Plaintiffs allege that in reliance on Defendant's representations, they "understood that the December 7, 2010 foreclosure would not occur because they were still in the process

of applying for a loan modification." #1-3 at ¶ 13. They also state that they stopped paying money to Defendant and did not retain a bankruptcy attorney to file a chapter 13 bankruptcy before the foreclosure date based on Defendant's representations. They assert that had they known that Defendant's representations were false and misleading, they would have sought other alternatives to protect their home or would have filed for bankruptcy protection before the foreclosure date.

Defendant proceeded with a Substitute Trustee's sale of the home on December 7, 2010.

Plaintiffs further complain that they have never been provided with a copy of any conveyance from the original mortgagee, Lehman Brothers Bank, FSB to Defendant, either directly or through successors in interest, and "[i]t is believed that Defendant cannot provide original documentation showing a transfer of rights, authorization to institute foreclosure proceedings by the previous and present owner of promissory note and that Defendant's actions were a slander of Plaintiff's title to the subject property." #1-3, B-2 at ¶ 17.

Plaintiffs claim that the foreclosure has damaged their credit so they are unable to obtain a loan to buy back their property or purchase any other property. They have also lost clear title to the property and may lose the right to possession of it on a temporary basis that will cause them to incur additional expenses

in relocation.   They represent that they have suffered mental anguish and stress over potential loss of their home.

## Standard of Review

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."   When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted).   "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*,556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not

merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. Jan. 25, 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Even if a plaintiff fails to file a response to a motion to dismiss despite a local rule's mandate that a failure to respond is

a representation of nonopposition, the Fifth Circuit has rejected the automatic granting of dispositive motions without responses without the court's considering the substance of the motion. *Watson v. United States*, 285 Fed. Appx. 140, 143 (5th Cir. 2008), *citing Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006), and *Johnson v. Louisiana*, 757 F.2d 698, 708-09 (5th Cir. 1985).  "The mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice."  *Id.*  Instead there should be a clear record of delay or contumacious conduct and a finding that lesser sanctions would not serve the system of justice.  *Id., citing Luna v. Int'l Ass'n of Machinists & Aerospace Workers Local #36*, 614 F.2d 529, 531 (5th Cir. 1980).

In addition to Rules 8(a) and 12(b)(6), fraud claims must also satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): "In allegations alleging fraud . . ., a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  A dismissal for failure to plead with particularity as required by this rule is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).  The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and

an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir. 2005).

### Relevant Law

To state a claim for fraud under Texas law a plaintiff must allege (1) that the defendant made a representation to the plaintiff, (2) that the representation was material, (3) that the representation was false, (4) that when the misrepresentation was made the defendant knew it was false or made it recklessly and without knowledge of its truth, (5) that the defendant made it with the intent that the plaintiff act on it, (6) that the plaintiff relied on the representation, and (7) that the representation caused injury to the plaintiff. *Shandong Yinquang Chem., Indus. Jt. Stock Co. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010), *citing Ernst & Young, LLP v. Pacific Mut. Life Ins. Co.*, 51 S.W. 3d 573, 577 (Tex. 2001). A false representation is material if a reasonable person would attach importance to and be induced to act on the information. *Id.* at 1033. "A promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing at the time it was made." *Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W. 2d 41, 48 (Tex. 1998). Nevertheless, "the mere failure to perform a contract is not evidence of fraud." *Id.*

The economic loss doctrine bars tort claims when the parties' relationship and their attendant duties arise from a contract.

*Kiper v. BAC Home Loans Servicing, LP.*, ___ F. Supp. 2d ___, Civ.
A. Nos. H-11-3008, H-11-3363, 2012 WL 3185968, *9 (S.D. Tex. Aug.
2, 2012); *Hurd v. BAC Home Loans Servicing, LP*, ___ F. Supp. 2d
___, Civ. A. No. 3:11-CV-1752-M, 2012 WL 1106932, *12 (N.D. Tex.
Mar. 29, 2012)("The economic loss rule "generally precludes
recovery in tort for economic losses resulting from the failure of
a party to perform under a contract."), *citing Stanley Indus. of S.
Fla. v. J.C. Penney Corp., Inc.*, Civ. A. No. 3:05-CV-2499-L, 2006
WL 2432309, *5 (N.D. Tex. Aug. 18, 2006)("In determining whether a
tort claim is merely a repackaged breach of contract claim, a court
must consider: 1) whether the claim is for breach of duty created
by contract, as opposed to a duty imposed by law; and 2) whether
the injury is only the economic loss to the subject of the contract
itself."); *see also Hurd*, 2012 WL 1106932, *12 (same).   The
economic loss rule does not bar fraud and fraudulent inducement
claims against a loan servicer because the parties to a contract
had an independent duty not to commit the intentional tort of
fraud.  *Hurd*, 2012 WL 1106932, *14 (and cases cited therein); *Casey
v. Federal Home Loan Mortg. Ass'n.*, Civ. A. No. H-11-3830, 2012 WL
1425138, *3 (S.D. Tex. Apr. 23, 2012), *quoting Formosa Plastics*,
960 S.W. 2d at 46-47 (Because "the legal duty not to fraudulently
procure a contract is separate and independent from the duties
established by the contract itself . . . tort damages are
recoverable for a fraudulent inducement claim irrespective of

whether the fraudulent representations are later subsumed in a contract or whether the plaintiff only suffers an economic loss related to the subject matter of the contract").

A plaintiff asserting wrongful foreclosure must show (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortgage Corp.*, 268 S.W. 3d 135, 139 (Tex. App.--Corpus Christi 2008, no pet.), *citing Charter Nat'l Bank-Houston v. Stevens*, 781 S.W. 2d 368, 371 (Tex. App.--Houston [14th Dist.] 1989, writ denied). Moreover there must be evidence of an irregularity that "must have caused or contributed to cause the property to be sold for a grossly inadequate price." *In re Keener*, 268 B.R. 912, 921 (N.D. Tex. 2001). "Under Texas law a grossly inadequate price would have to be 'consideration so far short of the real value of the property as to shock a correct mind, and thereby raise a presumption that fraud attended the purchase.'" *Richardson v. Wells Fargo Bank, N.A.*, No. 4:11-CV-359-A, 2012 WL 2511169, *9 (N.D. Tex. June 29, 2012), *citing FDIC v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1990), *quoting Richardson v. Kent*, 47 S.W. 2d 420, 425 (Tex. Civ. App.--Dallas 1932, no writ)("The weight of Texas authority rejects a determination of gross inadequacy where . . . property sells for over 60% of fair market value.").

Under Texas law, slander of title is "a false and malicious

statement made in disparagement of a person's title to property which causes special damages." *Marrs and Smith Partnership v. D.K. Boyd Oil and Gas Co., Inc.*, 223 S.W. 3d 1, 20 (Tex. App.--El Paso 2005, pet. denied). The elements of slander of title are (1) the uttering and publishing of disparaging words, (2) falsity, (3) malice, (4) special damages, (5) possession of an estate or interest in the property disparaged, and (6) the loss of a specific sale. *Williams v. Jennings*, 755 S.W. 2d 874, 879 (Tex. App.-Houston [14th Dist.] 1988, writ denied); *Casey v. Fed. Home Loan Mortg. Assoc.*, Civ. A. No. H-11-3830, 2012 WL 1425138, *5 (S.D. Tex. Apr. 23, 2012).

Under Texas law, the statute of frauds applies to loan agreements for amounts exceeding $50,000.00 and requires that they be in writing and signed by the party to be bound in order to be enforceable. Tex. Bus. Code Ann. § 26.02(a)-(b). "'Promissory estoppel is a narrow exception to the statute of frauds.'" *Hurd,* 2012 WL 1106932, at *10. *quoting Schuhart v. Chase Home Fin., LLC*, Civ. A. No. C-05-385, 2006 WL 1897263, * 4 (S.D. Tex. July 10, 2006). To state a claim for the defense of promissory estoppel, the plaintiff must allege facts showing (1) a promise, (2) foreseeability of reliance on that promise by the promisor, and (3) substantial reliance on the promise by the promisee to its detriment. *Henry Schein, Inc. v. Stromboe*, 102 S.W. 3d 675, 686 n.25 (Tex. 2002), *citing English v. Fischer*, 660 S.W. 2d 521, 524

(Tex. 1983).   Furthermore the plaintiff must allege facts showing that "the defendant promised to sign an agreement satisfying the statute of frauds." *Cavil v. Trendmaker Homes, Inc.*, Civ. A. No. G-10-304, 2012 WL 170751, *7 (S.D. Tex. Jan. 19, 2012)(*citing* "*Moore" Burger, Inc. v. Phillips Pet. Co.*, 492 S.W. 2d 934, 937 (Tex. 1972)), *appeal dism'd*, No. 12-40195 ( 5th Cir. May 10, 2012). An alleged oral agreement not to foreclose while a loan modification application is pending would alter the written loan agreement in the promissory note and the deed of trust and thus would be unenforceable unless memorialized in writing.   *Enis v. Bank of America, N.A.*, Civ. A. No. 3:12-CV-0295-D, 2012 WL 4741073, *3 (N.D. Tex. Oct. 3, 2012).  The statute of frauds does not bar a promissory estoppel claim based on an oral promise to sign an *existing* written contract that satisfies the statute of frauds. *Nagle v. Nagle*, 633 S.W. 2d 796, 800 (Tex. 1982); *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 549 (5th Cir. 2010).

Although not clearly defined in Texas law, a claim for the intentional tort of unreasonable collection efforts has been delineated as "efforts that amount to a course of harassment that was willful, wanton, malicious and intended to inflict mental anguish and bodily harm." *EMC Mortgage Corp. v. Jones*, 252 S.W. 3d 857, 868 (Tex. App.--Dallas 2008, no pet.).  Generally Texas courts apply this cause of action based on actual collection efforts, for example telephone calls or physically approaching the debtor that

oversteps the bounds of routine collection methods through excessive harassment. *Id.* at 8654-65 (lender sent a "large, very intimidating Man" who was "yelling and screaming, demanded the keys to the house, and told [plaintiffs'] family to get out"); *Enis*, 2012 WL 4741073, at *5. Failure to respond to a request for accounting, promising loan modification, and promising not to close are not debt collection efforts, and allegations of such do not show an intent to harass and inflict mental anguish. *Enis*, 2012 WL 4741073, at *5 n.7, *citing Smallwood v. Bank of America*, No. 3:11-CV-1283-D, 2012 WL 32654, *4 (N.D. Tex. Jan. 6, 2012); *Sanghera v. Wells Fargo Bank, N.A.,* Civ. A. No. 3:10-CV-2412-B, 2012 WL 555155, *7 (N.D. Tex. Feb. 12, 2012)("[T]he Court is unaware . . . how promising not to foreclose on a property, can, without more, be considered willful, wanton, or malicious harassment."); and *Swim v. Bank of America, N.A.*, Civ. A. No. 3:11-CV-1240-M, 2012 WL 170758, *7 (N.D. Tex. Jan. 20, 2012)(dismissing allegation that misleading plaintiff about loan modification constituted unreasonable collection efforts).

### Defendant's Motion to Dismiss (#4)

Asserting that this suit is "nothing more than a tactic to delay eviction," they urge the Court to dismiss all claims for the following reasons: (1) Plaintiffs fail to satisfy heightened pleading requirements under Rule 9(b) for their fraud claim, which is also barred under the economic loss rule and the statute of

frauds; (2)Plaintiffs' wrongful foreclosure claim fails because Plaintiffs do not identify a defect in the foreclosure sale, a grossly inadequate sale price or any connection between the two and because they have not suffered any harm; (3) Plaintiffs' slander of title cause of action fails (a) for a lack of supporting facts, (b) because their claim that Defendant's foreclosure was a slander of title is preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. §§ 1461 *et seq.*, and (3) because Plaintiffs lack standing to challenge Defendant's right to enforce the mortgage; (4) Plaintiffs cannot rely on the Making Homes Affordable program to support their promissory estoppel claim, and they fail to identify any alleged promises made by Defendant; (5) Plaintiffs cannot plead any alleged conduct of Defendant that amounts to an intentional course of harassment to support their unreasonable collection claim; and (6) they are not entitled to their requested attorney's fees or exemplary damages because they have not pled any viable cause of action against Defendant.

Regarding the first reason, Defendant points out that Plaintiffs fail to identify any of the essential elements of fraud with the requisite particularity under Rule 9(b) and fail to state what particular alleged representations were made, who made them, when they were made or why they were made.  Any representation by Defendant to stop the foreclosure sale would have been a promise to act in the future, for which they must, but fail to, allege facts

-14-

showing Defendant made such a representation with the intent to deceive and no intention to perform.   The Court agrees with both contentions and dismisses the fraud claim for failure to state a claim under Rules 12(b)(6) and 9(b).[1]

Defendants further maintain that Plaintiffs' common-law fraud claim that Plaintiffs "understood" from Defendant that the foreclosure would not take place because of the ongoing loan modification review process is barred by the statute of frauds. For the reasons the Court stated under "Relevant Law," as a matter of law it concurs.   Plaintiffs have not alleged that Defendant orally promised to sign an *existing* written contract that satisfies the statute of frauds, no less pleaded supporting facts.

Defendant points out that Plaintiffs rely on the same allegations for their wrongful foreclosure claim as for their fraud claims, and as indicated, these allegations fail to satisfy the pleading-with-specificity requirement of Rule 9(b).   Furthermore they do not plead a defect in the foreclosure proceedings or an inadequate sale price nor a connection between the two, all essential elements of such a claim.   While Plaintiffs complain that they did not receive a notice of the foreclosure sale, Defendant

---

[1] Although Defendant argues that the common law fraud and fraudulent inducement claim is barred under the economic loss rule, for reasons indicated and cases cited above under "Relevant Law," the Court disagrees.

correctly points out that § 51.002(e)[2] of the Texas Property Code requires only constructive notice, i.e., service of notice is complete when it is deposited in U.S. certified mail, so the fact that the borrower may not have received it is not dispositive. *Adepo v. Litton Loan Servicing, L.P.*, No. 01-07-00708-CV, 2008 WL 2209703, *4 (Tex. App.--Houston [1st Dist.] May 29, 3008, no pet.); *Hill v. Fremont Inv. & Loan*, No. 05-02-01438-CV, 2004 WL 1178607, *3 (Tex. App.--Dallas May 28, 2004). In addition under Texas law, recovery under a wrongful foreclosure claim is based on the mortgagor's possession. *Petersen v. Black*, 980 S.W. 2d 818, 823 (Tex. App.--San Antonio 1998, no pet.)("Recovery [for wrongful foreclosure] is conditioned on the disturbance of the mortgagor's possession "based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property."). Where the mortgagor's possession is undisturbed, he has no compensable damage." *Id*. The Court agrees that Plaintiffs' retention bars their wrongful foreclosure claim. *Medrano v. BAC Home Loans Servicing, LP.*, No. 3:10-CV-02565-M (BF), 2012 WL 4174890, *3 (N.D. Tex. Aug. 10, 2012)("Plaintiffs never lost possession of the Property and are seeking damages for an attempted wrongful foreclosure. An attempted foreclosure is not an action

---

[2] Section 51.002(e) provides, "Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address."

recognized under Texas law.")(and cases cited therein); *Motten v. Chase Home Finance*, 831 F. Supp. 2d 988, 1007 (S.D. Tex. 2011). Moreover, the Court agrees that Plaintiff have failed to allege the elements of the claim, no less facts supporting them.

Defendant asserts that because this mortgage was originated by Lehman Brothers, FSB, a federal savings bank, that Plaintiffs' slander of title claim and challenge to CitiMortgage's authority to enforce the mortgage are preempted by HOLA.  The Fifth Circuit Court of Appeals has not addressed the issue of preemption under HOLA.[3]  Of the three Circuit Courts of Appeals that have addressed

_____

[3] The Seventh Circuit explains,

Enacted in 1933, HOLA is "a product of the Great Depression of the 1930's [and] was intended to 'provide emergency relief with respect to home mortgage indebtedness' at a time when as many as half of all home loans in the country were in default." *Fidelity Federal Savings & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 159 . . . (1982)(citations omitted).  HOLA empowered what is now the Office of Thrift Supervision ["OTS"] in the Treasury Department to authorize the creation of federal savings and loan associations, to regulate them, and by its regulations to preempt conflicting state law.  *Id.* at 161-62.

*In re Ocwen Loan Servicing, LLC*, *Mort. Servicing Litig.* 491 F.3d 638, 641-42 (7th Cir. 2007).  One of ITS's regulations, 12 C.F.R. § 560.2(a) allows federal savings and loans to "extend credit as authorized under federal law . . . without regard to state laws purporting to regulate or otherwise affect their credit activities."  *Id.* at 642. Section 560.2(c), provides in relevant part,

State laws that are not preempted.  State laws of the following types are not preempted to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise

it, the Seventh Circuit has concluded that state common law claims generally are not preempted.  *In re Ocwen Loan Servicing, LLC, Mort. Servicing Litig.* 491 F.3d 638 (7th Cir. 2007).  The Seventh Circuit opined that under § 560.2(b) the OTS has "exclusive authority to regulate the savings and loan industry in fixing fees (including penalties), setting licensing requirements, prescribing certain terms in mortgages, establishing requirements for disclosure of credit information to customers, and setting standards for processing and servicing mortgages," but it cannot "deprive persons harmed by the wrongful acts of savings and loan associations of their basic state common-law-type remedies." *Id.* at 643.  It reasoned that because HOLA does not provide a private right of action to consumers, they have little recourse in disputes with federal savings banks except those state laws exempted from

---

inconsistent with the purposes of paragraph (a) of this section:
(1) Contract and commercial law;
(2) Real property law;
(3) Homestead laws specified in 12 U.S.C. § 1462a(f);
(4) Tort law;
(5) Criminal law; and
(6) any other law that OTS, upon review, finds
    (i) Furthers a vital state interest; and
    (ii) Either has only an incidental effect on lending operations or is not otherwise contrary to the purposes expressed in paragraph (a) of this section.

*Id.* at 642-43.  Furthermore, HOLA does not create a private right to sue to enforce the provisions of the statute or the OTS's regulations.  *Id.* at 643, *citing Burns Int'l Inc. v. Western Savings & Loan Ass'n*, 978 F.2d 533, 535-37 (9th Cir. 1992).

preemption in § 560.2(c), so other than regulating federal savings banks OTS permits states to maintain their state-law causes of action to protect their citizens.   *Id.*   It determined that traditional common law causes of action of fraud, breach of contract, defamation, and slander of title usually avoid HOLA preemption.   *Id.*   The Eighth and the Ninth Circuit Courts of Appeals have found broad preemption.   *Casey v. FDIC*, 583 F.3d 586 (8th Cir. 2009)(concluding that claims under the Missouri Merchandising Practices Act are preempted by HOLA), *cert. denied*, 130 S. Ct. 2061 (2010); *Silvas v. E\*Trade Mort. Corp.*, 514 F.3d 1001 (9th Cir. 2008)(holding that claims under the California Unfair Competition Law are preempted by HOLA).[4]   Because the issue is unresolved, the Court will not dismiss the slander of title claim on the basis of HOLA preemption.

---

[4] Indeed, even though the Ninth Circuit has concluded that HOLA preempts, one court, in discussing HOLA preemption and *inter alia* a claim for slander of title because the trustee's sale was invalid, dismissed the slander of title claim on the grounds that the plaintiff failed to allege facts showing that the trustee's sale was unlawful and failed to allege tender of the amount of the secured debt, as required by California law to maintain any cause of action for irregularity in the sale procedure.  *Vann v. Wells Fargo Bank*, No. C 12-1181 PJH, 2012 WL 1910032, \*15 (N.D. Tex. May 24, 2012).   It did not include the slander of title claim among those claims it dismiss on HOLA preemption.  *Id.*  *See also Ayala v. World Savings Bank, FSB*, 616 F. Supp. 2d 1007, 1014 (C.D. Cal. 2009)(relying on the Seventh Circuit's distinction in *Ocwen* between the regulatory side and the common law side of the OTS's authority, concluding that "[s]lander of title is undoubtedly a tort law and, therefore, even assuming that this slander of title incidentally affects the lending operations of Wachovia, any presumption of preemption is adequately rebutted is adequately rebutted by virtue of § 560.2(c)(4).").

Defendant also urges dismissal of the slander of title claim because Plaintiffs fail to allege any facts supporting the elements of slander of title:  there are no allegations of disparaging words, maliciousness, or special damages.   The conclusory allegation that Defendant's actions "constitute a slander of Plaintiff's [*sic*] title" does not satisfy Rule 12(b)6).  The Court agrees.

Defendant further maintains that Plaintiffs lack standing to challenge whether Defendant is the owner or current mortgagee of the note because the assignment of the loan was a contract between assignor and assignee to which Plaintiffs were not parties nor third-party beneficiaries.  *Pagosa Oil and Gas, LLC v. Marrs and Smith P'ship*, No. 08-07-00090, 2010 WL 450910, *4-5 (Tex. App.--El Paso Feb. 10, 2010, pet. denied); *Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, No. 10-11589, 2010 WL 1956867, *9 (E.D. Mich. May 13, 2010)("[F]or over a century, state and federal courts around the country have [held] that a litigant who is not a party to an assignment lacks standing to challenge that assignment.")(*citing Ifert v. Miller*, 138 B.R. 159 (Bankr. E.D. Pa. 1992)(applying Texas law)), *aff'd*, 399 Fed. Appx. 97 (6th Cir. Oct. 10, 2010), *cert. denied*, 131 S. Ct. 1969 (2011).  "[A] borrower may not challenge the validity of assignments to which it was not a party or third-party beneficiary." *Livonia*, 2010 WL 1956867, at *10.  The Court agrees. *Eskridge v. Fed. Home Loan*

*Mortg. Corp.,* No. 6:10-CV-00285-WSS, 2011 WL 2163989, *5 (W.D. Tex. Feb. 24, 2011); *McAllister v. BAC Home Loans Servicing, LP*, No. 4:10-CV-504, 2011 WL 2200672, *5 (E.D. Tex. Apr. 28, 2012; *v. BAC Home Loans Servicing, L.P.*, No. 4:11-CV-375, 2012 WL 629440, *8 (E.D. Tex. Feb. 3, 2012); *In re MERS Litig.*, MDL No. 09-2119-JAT, 2011 WL 4550189, *5 (D. Ariz. Oct. 3, 2011).

Defendant also requests dismissal of Plaintiffs' promissory estoppel claim that Plaintiffs would review their application for modification. #1-3, Orig. Petition at p. 5. Plaintiffs name HAMP as the basis for their claim and assert they were entitled to a review under that program. Defendant points out that Plaintiffs do not have a private cause of action under HAMP and are not allowed to bring a claim alleging a violation of it. *See, e.g.*, *Cade v. BAC Home Loans Servicing, LP*, H-10-4224, 2011 WL 2470733, *2 (S.D. Tex. June 20, 2011)(holding there is no private right of action under HAMP and observing that the majority of district courts have reached the same conclusion); *Aleem v. Bank of America*, 2010 WL 532330, *3 (C.D. Cal. Feb. 9, 2010)(no private right of action for a HAMP violation). The Court agrees that borrowers do not have a private right of action to challenge compliance with HAMP. *See, e.g., Nolasco v. CitiMortgage*, Civ. A. No. H-12-1875, 2012 WL 3648414, *4 (S.D. Tex. Aug. 23, 2012)(and cases cited therein).

Furthermore, insists Defendant, Plaintiffs have pleaded no facts supporting the essential elements of a promissory estoppel

claim: a promise, foreseeability of reliance thereon by the promisor, and substantial reliance by the promissee to his detriment. *English v. Fischer*, 660 S.W. 2d 521, 524 (Tex. 1983). Moreover a promise must be sufficiently definite to be enforced for such a claim. *Gilmartin v. KVTV-Channel 13*, 985 S.W. 2d 553, 558-59 (Tex. App.--San Antonio 1998, no pet.). Plaintiffs merely state that "Defendant through its employees and agents entered into an oral contract for application and participation in the [HAMP] program with Plaintiffs," one that is barred by the statute of frauds. #1-3 at page 5. Such conclusory allegations fail to state a claim for promissory estoppel. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss."). This Court agrees that Plaintiffs have failed to plead a claim for promissory estoppel under Rule 12(b)(6).

Defendant argues that Plaintiffs' unreasonable collection claim should be dismissed because Plaintiffs have failed to allege that Defendant engaged in any egregious or unreasonable collection activities that would amount to an intentional course of harassment. Plaintiffs also admit that they became delinquent on their mortgage payments in July 2009. #1-3 at ¶ 7. Despite the delinquency in payments, Defendant reviewed Plaintiffs twice for a modification of their loan. #1-3 at ¶¶ 9 and 11. In addition,

-22-

Plaintiffs still remain in possession of the property.  Where a borrower admits he defaulted on his mortgage payment obligations, simply initiating foreclosure proceedings does not, as a matter of law, constitute the kind of "willful, wanton, [and] malicious conduct that the tort of unreasonable efforts aims to prevent." *Mitchell v. Chase Home Fin., LLC*, Civ. A. No. 3:06-CV-2099-K, 2008 WL 623395, *6 (N.D. Tex. Mar. 4, 2008); *Steele v. Green Tree Servicing, LLC*, Civ. A. No. 3:09-CV-0603-D, 2010 WL 3565415, *6 (N.D. Tex. Sept. 7, 2010)(finding defendant's debt collection efforts in foreclosing on plaintiff's home not unreasonable because "a reasonable fact-finder could only find that the [plaintiffs] were in default" and the plaintiffs presented no other evidence of unreasonable collection tactics).  Here, too, the Court concurs with Defendant.

Last, because Plaintiffs have not pled any viable causes of action, their request for exemplary damages and attorney's fees should be dismissed.  The Court agrees. *See, e.g., Bryant v. Bank of America, N.A.*, No. 4:11-CV-448, 2012 WL 2681361, *16 (E.D. Tex. June 6, 2012)("[B]ecause the Court has recommended dismissal of all of Plaintiff's claims, there is no basis for an award of exemplary damages in this case."); *Fankhauser v. Fannie Mae*, No. 4:10cv274, 2011 WL 5600295, *10-11 (E.D. Tex. Oct. 24, 011)(granting summary judgment in favor of Defendant because plaintiff had no viable cause of action and therefore no basis to recover attorney's fees).

For the reasons indicated where this Court agrees with Defendant's arguments, the Court

ORDERS that Defendant's motion to dismiss under Rules 8,12(b)(6), and 9(b) (#4) is GRANTED. Because Plaintiffs, although represented by counsel, have failed to respond to Defendants' motion to dismiss, the Court assumes from their silence that they have no basis on which to oppose Defendants' arguments for dismissal and nor to seek leave to amend. Accordingly the Court

ORDERS that this case is CLOSED.

**SIGNED** at Houston, Texas, this 22nd day of January, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE